## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MEREDITH AND TODD EMERSON, | ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LABORATORY CORPORATION OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Laboratory Corporation of America ("LabCorp") hereby files this Notice of Removal of the above-captioned case.  LabCorp respectfully asserts the following facts to support removal, and in so doing, expressly reserves all other issues for further pleadings:

1.     LabCorp is the sole named defendant in *Meredith and Todd Emerson v. Laboratory Corporation of America*, Case No. 11A36488-1, filed in the State Court of DeKalb County, Georgia (the "State Court Action").

2.     Plaintiffs filed their Complaint in the State Court Action on April 22, 2011, and Defendant was served on or after April 25, 2011.

3.      This Notice is being filed with this Court within thirty (30) days after Defendant was served with a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

4.      A copy of all process, pleadings and orders served upon Defendant in the State Court Action is attached hereto as Exhibit A, and a copy of the Notice of Filing Notice of Removal which will be filed in the State Court of DeKalb County, Georgia is attached hereto as Exhibit B.

5.      This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.

6.      Plaintiffs are citizens of the State of Georgia.  (Compl. ¶ 1.)

7.      Defendant is a Delaware corporation, with its principal place of business in North Carolina.  (Marbutt Aff. ¶ 2, attached as Exhibit C.)

8.      Based on the factual allegations of the Complaint, which are construed as true for purposes of assessing removal jurisdiction, the amount in controversy in this case exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332.

9.      Plaintiffs allege that LabCorp is vicariously liable for negligently interpreting three Pap smears from October 9, 2006 to December 12, 2008. (Compl. ¶ 4.)  According to the allegations in the Complaint, Plaintiff Meredith Emerson was diagnosed with poorly differentiated focally keratinizing invasive squamous cell carcinoma with metastasis into the periaortic lymph nodes.  (*Id.*)

10.     Plaintiff Meredith Emerson seeks compensation for "mental and physical pain and suffering" and "medical expenses and wage loss."  (*Id.* ¶ 7.) Further, Plaintiff Todd Emerson alleges that he has "has been deprived of the services, companionship and consortium of his wife, Meredith Emerson."  (*Id.* ¶ 8.)

11.     On their face, these allegations establish that the amount in controversy in this case exceeds the jurisdictional minimum.  *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount in controversy exceeding $75,000 jurisdictional minimum was "facially apparent" based on "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Butzberger v. Novartis Pharm. Corp.*, Case No. 06-80700-CIV-Ryskamp/Vitunac, 2006 U.S. Dist. LEXIS 85576, *12-*14 (S.D. Fla. Nov. 27, 2006) (denying motion to remand cast to state

court where the plaintiff suffered from liver cancer allegedly caused by use of medication).

12.     Pursuant to 28 U.S.C. § 1441(a), LabCorp is removing this action to the Atlanta Division of the Northern District of Georgia because the State Court of DeKalb County, Georgia is located in this federal judicial district and division.

13.     As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant shall provide notice of the removal to Plaintiffs through their attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action.

Dated:      May 25, 2011              Respectfully submitted,


                                     */s/ Olivia E. Marbutt*
                                     Lillian N. Caudle
                                        Ga. Bar No. 535111
                                     Olivia E. Marbutt
                                        Ga. Bar No. 141255
                                     JONES DAY
                                     1420 Peachtree Street, N.E.
                                     Suite 800
                                     Atlanta, GA  30309-3053
                                     Telephone:  (404) 581-3939
                                     Facsimile:  (404) 581-8330
                                     Emails:      lncaudle@jonesday.com
                                                  oemarbutt@jonesday.com


                                     ***Attorneys for Defendant***
                                     ***Laboratory Corporation of America***

ATI-2472244

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing NOTICE OF REMOVAL on counsel for Plaintiffs by causing a copy of same to be delivered via U.S. Mail, first-class postage prepaid and addressed as follows:

> James O. Wilson, Jr., Esq.
> P.O. Box 667
> Marietta, Georgia  30061
>
> Lawrence B. Schlachter, Esq.
> Schlachter Law Firm
> 602 Macy Drive
> Roswell, Georgia  30076

This 25th day of May, 2011.

> */s/ Olivia E. Marbutt*
> Olivia E. Marbutt
>   (Ga. Bar No. 141255)
>
> **An Attorney for Defendant**
> **Laboratory Corporation of America**

JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330

ATI-2472244

- 1 -