**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MEREDITH EMERSON and : 
TODD EMERSON, :
 :
    Plaintiffs, :
 : CIVIL ACTION NO.
v. : 1:11-CV-01709-RWS
 :
LABORATORY CORPORATION :
OF AMERICA, :
 :
    Defendant.

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Compel Response to Requests for Admissions, for Sanctions and for Expedited Hearing ("Pls.' Mot. to Compel, for Sanctions and for Expedited Hr'g") [66]. After reviewing the record, the Court enters the following Order.

## **Background**

This is a medical malpractice action brought on behalf of Plaintiffs against Defendant Laboratory Corporation of America ("LabCorp" or "Defendant"), a diagnostic laboratory that analyzes cytopathology slides, including Pap smears. Plaintiffs allege that between October 9, 2006 and December 12, 2008, Ms. Emerson's physician obtained three Pap tests from

Ms. Emerson and submitted them to LabCorp for interpretation. (Compl., Dkt. [1-1] ¶ 4.) Plaintiff further alleges that on each occassion, cytotechnologists employed by LabCorp negligently misinterpreted the tests and provided inaccurate reports to Ms. Emerson's physician. (Id. ¶¶ 4-5.) On April 24, 2009, Plaintiff was diagnosed with "poorly differentiated focally keratinizing invasive squamous cell carcinoma with metastasis into the periaortic lymph nodes." (Id. ¶¶ 4, 6.) Plaintiffs allege that the cytotechnologists' negligent failure to recognize and report the extent and severity of cervical cancer precursor conditions that presented in Ms. Emerson's Pap tests proximately caused or contributed to the delay in Ms. Emerson's diagnosis and the metastasis of her cancer. (Id. ¶¶ 5-6.)

On February 3, 2012, Plaintiffs served their First Request for Admissions on LabCorp. (Dkt. [51].) LabCorp timely responded to the requests and made objections. (Pls.' Mot. to Compel, for Sanctions and for Expedited Hr'g, Dkt. [66] at 1.) Despite the good faith efforts of the parties' to resolve the objections, LabCorp continues to object to six (6) of Plaintiffs' requests for admissions. Plaintiffs have filed the instant motion seeking to compel LabCorp to respond to these six requests, which read as follows:

2

Plaintiffs' Request No. 1:

*Meredith Emerson's 2006 Pap slide, accession number 282-G15-0357-0, contains atypical and dysplastic squamous cells.*

Plaintiffs' Request No. 2:

*Meredith Emerson's 2007 Pap slide, accession number 285-G15-7300-0, contains high grade dysplastic squamous cells, consistent with HSIL.*

Plaintiffs' Request No. 3:

*Meredith Emerson's 2008 Pap slide, accession number 337-G15-7395-0, contains high grade dysplastic squamous cells, bloody diathesis and cells consistent with invasive squamous cell carcinoma.*

Plaintiffs' Request No. 4:

*A majority of the 22 fields of view presented to the cytotechnologist who reviewed Meredith Emerson's 2007 Pap slide, accession number 285-G15-7300-0, contains either atypical squamous cells, high grade dysplastic squamous cells or both.*

Plaintiffs' Request No. 5:

*A majority of the 22 fields of view presented to the cytotechnologist who reviewed Meredith Emerson's 2008 Pap slide, accession number 337-G15-7395-0, contains either high grade dysplastic squamous cells, cells consistent with invasive squamous cell carcinoma or both.*

3

> Plaintiffs' Request No. 6:
>
> *Neither Meredith Emerson's 2006 Pap slide, accession number 282-G15-0357-0 nor her 2007 Pap slide, accession number 285-G15-7300-0 contains cells or debris consistent with invasive squamous cell carcinoma.*

(Id. at 2-8.)

LabCorp initially objected to these requests on several grounds, including that the requests improperly sought disclosure of expert opinion at a time and in a manner not permitted under the Federal Rules of Civil Procedure. (Id. at 2-9.) In opposition to Plaintiffs' Motion to Compel, for Sanctions and for Expedited Hearing, LabCorp renews its objection to these requests, arguing that the requests "seek untimely and improper disclosure of expert opinions." (LabCorp's Resp. to Pls.' Mot. to Compel, for Sanctions and for Expedited Hr'g ("LabCorp's Response"), Dkt. [72] at 8.) The Court considers the propriety of LabCorp's objection and, in turn, whether sanctions or an expedited hearing are warranted.

## Discussion

**I. Legal Standard**

Requests for admissions are governed by Federal Rule of Civil Procedure

4

36, which states, in pertinent part, "A party may serve on another party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . . ." Fed. R. Civ. P. 36. Rule 26(b)(1), in turn, permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The purpose of requests for admissions is to "establish admissions . . . about which there is no real dispute." 7 Moore's Fed. Practice § 36.02 (3d ed.).

Discovery of expert opinion is given particular treatment under Rule 26. Rule 26(b)(4)(D) governs discovery from consulting experts, i.e., experts "retained or specially employed by another party in anticipation of litigation or to prepare for trial and who [are] not expected to be called as [ ] witness[es] at trial." Under this Rule, parties may not discover opinions held by consulting experts unless they show "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). The opinions of testifying experts, on the other hand, properly may be discovered through reports and depositions. Fed. R. Civ. P. 26(a)(2) and 26(b)(4)(A). These disclosures must

5

be made, however, at the times specified by the court. Fed. R. Civ. P. 26(a)(2)(D).

## II. Plaintiff's Motion

As stated above, Plaintiffs move the Court to compel Defendant LabCorp to respond to their requests for admissions regarding the content and presentation of Ms. Emerson's Pap slides. LabCorp objects on grounds that the requests call for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules or the Scheduling Order in place in this case. The Court agrees with LabCorp and finds that it is not required to respond to the disputed requests for admissions.

As a threshold matter, the Court agrees with LabCorp that the requests for admissions at issue call for the disclosure of expert opinions, as they seek "scientific, technical, or otherwise specialized" information. See Fed. R. Evid. 702 (defining expert opinion as one involving "scientific, technical, or other specialized knowledge"); U.S. v. Mejia, 545 F.3d 179, 188-89 (2d Cir. 2008) ("[E]xpert testimony is called for when the untrained layman would be unable intelligently to determine the particular issue in the absence of guidance from an expert.") (internal quotation marks omitted). Plaintiffs try to avoid this

6

conclusion by arguing that the contested requests for admission do not seek expert opinions but rather opinions of fact witnesses:

> LabCorp is in the business of interpreting cells on Pap slides. LabCorp is certified by the government to make such determinations. LabCorp's interpretation of Meredith Emerson's slides is the subject of this litigation. To assert that only LabCorp's retained litigation experts can offer opinions on the type cells on the slides is patently false. Indeed, LabCorp has represented to the Court that the cytotechnologists who interpreted Meredith's slides will be presented as <u>fact witnesses</u>.

(Pls.' Reply Br. in Supp. of Mot. to Compel, for Sanctions and for Expedited Hr'g ("Pls.' Reply"), Dkt. [74] at 3 (emphasis in original).) The Court finds this argument to be of no avail.

First, the fact that LabCorp "is in the business of interpreting cells on Pap slides" does not affect the nature of a LabCorp representative's opinion on the content of Ms. Emerson's Pap slides. Under the Federal Rules of Evidence, an opinion that requires "scientific, technical, or other specialized knowledge" may only be expressed by an "expert" qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702(a). Accordingly, any representative of LabCorp who offers an opinion on the content of Ms. Emerson's Pap slides may do so only in the capacity of an "expert." While it is true that LabCorp

7

will present the cytotechnologists who read Ms. Emerson's Pap slides as fact witnesses, these cytotechnologists will not offer opinions as to the types of cells that presented on Ms. Emerson's slides. (Oct. 17, 2011 Hr'g Tr. at 14:8-13.) On the contrary, they will testify only to the fact that they interpreted Ms. Emerson's slides in a particular way on a particular date. (Id. at 18:17-19:1.) As counsel for LabCorp explained before the Court,

> [The cytotechnologists who interpreted Ms. Emerson's slides] will testify to the historic fact that the records show I reviewed this slide and this is my report and I have no reason to dispute it. But we will not be putting these fact witnesses on to defend their read or to show the jury why it was right. They are not going to be offering that kind of testimony involving that expertise. It is an undisputed fact what they interpreted the slide to be back in 2006, for example; and they are not going to be putting forth testimony to justify that. That's simply not the role of a fact witness in this case.

(Id.) Accordingly, LabCorp has not taken any position in this litigation inconsistent with its objection that the requests for admissions demand an interpretation of Ms. Emerson's Pap slides, which can only be given through expert opinion.

Second, Plaintiffs' argument is inconsistent with Plaintiffs' counsel's earlier representations to Defendant and the Court that it would not question

8

fact witnesses about the content of Ms. Emerson's slides. As the Court found in its December 16, 2011 Order, Plaintiffs' counsel agreed with Defendant's counsel that "fact witnesses cannot be questioned about any of Mrs. Emerson's slides or photomicrographs of Mrs. Emerson's slides." (Dkt. [40] at 2.) (See also Dkt. [33-1] (correspondence between Plaintiffs' counsel and Defendant's counsel confirming this to be the parties' agreement).) In any event, as stated above, the requests for admissions demand an interpretation of Ms. Emerson's Pap slides; thus, as LabCorp argues, "a proper response obviously requires scientific, technical, or other specialized knowledge" (LabCorp's Response, Dkt. [72] at 8)–i.e., an expert opinion.

Having concluded that the requests for admissions require disclosure of expert opinions, the Court finds the requests improper under the Federal Rules and this Court's Scheduling Order. To the extent the requested opinions are held by non-testifying or consulting experts, whom LabCorp has retained only in anticipation of the litigation and not to testify at trial, they can only be discovered upon a showing of exceptional circumstances. Fed. R. Civ. P. 26(b)(4)(D). Plaintiffs have not even endeavored to make this showing, having argued instead that the requests do not call for expert opinions. Accordingly,

9

Plaintiffs at this time are not entitled to disclosure of any opinions held by LabCorp's consulting experts.

To the extent the requested opinions are held by testifying experts, these opinions can only be discovered through expert reports, under Federal Rule 26(a)(2), or through depositions, under Federal Rule 26(b)(4)(A). Furthermore, these disclosures must be made "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to the Scheduling Order in place in this case, the expert witness reports that must be disclosed under Federal Rule 26(a)(2) are not due until "30 days after the close of fact discovery, May 14, 2012."[1] (Consent Am. Scheduling Order, Dkt. [60] at 2.) Accordingly, Plaintiffs at this time are not entitled to disclosure of any opinions held by LabCorp's testifying experts.

In sum, the Court finds LabCorp's objections to Plaintiffs' requests for admissions to be well-founded. There are thus no grounds on which to compel LabCorp to respond. Given that LabCorp's objections are proper, sanctions

---

[1] Under Federal Rule 26(b)(4)(A), the deposition of a testifying expert "may be conducted only after the report is provided."

10

against LabCorp are not warranted. Nor is an expedited hearing warranted. Accordingly, Plaintiffs' motion is **DENIED** in its entirety.

## Conclusion

In accordance with the foregoing, Plaintiffs' Motion to Compel Response to Requests for Admissions, for Sanctions and for Expedited Hearing [66] is hereby **DENIED**.

**SO ORDERED**, this __1st__ day of May, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)